(98 App. Div. 328)
MATHOT v. TRIEBEL.

(Supreme Court, Appellate Division, Second Department.    November 18, 1904.)

1. ATTORNEY'S LIEN—ENFORCEMENT—PARTIES.
   In an action to have an attorney's lien declared on a contract between
   defendant and a third person and on the moneys coming to defendant
   thereunder, such person is not a necessary party.

2. COMPLAINT—PRAYER.
   That a complaint asks greater relief than plaintiff is entitled to is
   not ground for demurrer.

3. ATTORNEY'S LIEN—COMMENCEMENT OF ACTION.
   An attorney has a lien on papers of his client placed in his hands in
   the course of his employment, though he did not commence an action in
   the matter.

Appeal from Special Term, Queens County.

Action by William L. Mathot against Frederick E. Triebel to have
an attorney's lien declared on papers in his hands, including a contract
between defendant and the state of Iowa, and on the money coming
to defendant from the state of Iowa under such contract.   From a
judgment overruling a demurrer to the complaint, defendant appeals.
Affirmed.

The opinion at Special Term, per KELLY, J., is as follows:

The questions whether there is more than one cause of action stated in
the complaint, or whether, if more than one, they should be separately stated,
are not before me on this demurrer, and are not material to its decision.
The objection that the state of Iowa is a necessary party defendant does
not seem to me to be well taken.   Adams v. Fox, 40 N. Y. 577.   The objections
that the plaintiff's lien is a "retaining lien," and therefore "passive"; that
the plaintiff has no right to enforce it, or have the amount thereof deter-
mined; and that the action is not justified—if sound (and I have grave doubt
whether, admitting the validity of the lien, the attorney is barred from fore-
closing it), are not grounds for demurrer.   The fact that the plaintiff asked
more in his complaint than he is entitled to would not make his complaint
bad.   No action or special proceeding had been commenced by the plaintiff,
as attorney for the defendant, at the time of his discharge by defendant, and
the defendant contends that until commencement of the action or · special
proceeding no lien attaches; citing Code, § 66.   But the Court of Appeals, in
Matter of Knapp, 85 N. Y. 284 (at page 295), intimates that the lien exists
under the Code before the actual commencement of the action.   The plaintiff
here is not confined to the statutory lien given by section 66 of the Code.
"The remedy provided by the Code by means of petition is not exclusive, but
cumulative, for a court of equity has always had power to ascertain and en-
force liens."   Fischer-Hansen v. B. H. R. R. Co., 173 N. Y. 492, 66 N. E. 395.
The lien of an attorney upon the papers of his client attaches not only for
the costs and charges in the particular suit, but for any general balance in
other professional business.   Bowling Green Bank v. Todd, 52 N. Y. 489;
Maxwell v. Cottle, 72 Hun, 529, 25 N. Y. Supp. 635.   This is not a rule peculiar
to attorneys, but applies to an ordinary factor.   He has a lien upon goods
consigned to and received by him for unpaid balances before accrued.   Knapp
v. Alvord, 10 Paige, 205, 40 Am. Dec. 241; Bryce v. Brooks, 26 Wend. 367.
In the Matter of Knapp, supra, the court discusses the origin of the lien:
"The general proposition that an attorney has a lien for his costs and charges
upon deeds or papers or upon moneys received by him in his client's behalf
in the course of his employment is not doubted, nor does it stand upon ques-
tionable foundations.   It comes to us super antiquas vias.   As early as the

---

¶ 3. See Attorney and Client, vol. 5, Cent. Dig. § 403.

year 1734 it was. held by Lord Chancellor Talbott to arise upon a contract implied by law, and as effectual as if it resulted from an express agreement. * * * In our own state * * * Kent in his Commentaries (vol. 2, p. 641) puts it down as an established principle that an attorney has two liens for his costs—one on the papers in his hands, and the other on the funds collected." And Judge Danforth says, at page 294: "It is plain, then, that right of lien exists. Its origin should not be lost sight of. The declaration in Ex parte Bush [7 Viner, Abr. 74] was restated by Chancellor Eldon in ·Cowell v. Simpson, 16 Ves. 279, where he described it as 'prima facie' a right accruing through an implied contract; and, as it exists in favor of those who have bestowed labor and service upon property in its repair, improvement, or preservation, the agreement implied must be that the person rendering it shall retain the property until compensation is made. The lien of an attorney stands on no higher ground. In Ex Parte Yalden, L. R. 4 Ch. Div. 129, James, L. J., says: 'The things upon which they claim a lien are things upon which they have expended their own labor or their money,' and asks: 'Why are they not to have that lien in same way as any other workman who is entitled to retain the thing upon which he has worked until he is paid for it?'" I think, therefore, that under these decisions and the practice ap-·proved in the Fischer-Hansen Case, supra, the plaintiff has a right to maintain this action and that the complaint is good. The demurrer should be overruled, with costs, with leave to defendant to answer on payment of costs.

Argued before HIRSCHBERG, P. J., and BARTLETT, WOODWARD, JENKS, and HOOKER, JJ.

Blatchford & Sherman, for appellant.
White & Case, for respondent.

PER CURIAM. Interlocutory judgment affirmed, with costs, on opinion of Mr. Justice KELLY at Special Term.

---

(99 App. Div. 274)

PEOPLE ex rel. NEW YORK EDISON CO. v. FEITNER et al., Tax Com'rs.

(Supreme Court, Appellate Division, First Department. December 9, 1904.)

1. TAXATION—ELECTRIC WIRES AND PIPES—REAL ESTATE.
    Wires or pipes on private property, where the person owning and laying .them has no interest in the property, and no right to use it except in connection with a contract to supply the property with electricity, are not taxable as real estate.

Appeal from Special Term, New York County.
Certiorari by the people, on the relation of the New York Edison Company, as successor of the Edison Electric Illuminating Company of New York, against Thomas Feitner and others, as commissioners of taxes and assessments of the city of New York. From an order setting aside an assessment, the commissioners appeal. Affirmed.
See 80 N. Y. Supp. 140; 83 N. Y. Supp. 1114.
Argued before VAN BRUNT, P. J., and HATCH, PATTERSON, INGRAHAM, and LAUGHLIN, JJ.

George S. Coleman, for appellants.
Henry J. Hemmens, for respondent.

INGRAHAM, J. This proceeding was brought to review the action of the commissioners of taxes in assessing the property of the